IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD JARELL CONAWAY, # 2817238, :

    Plaintiff                           :

v.                                : CIVIL ACTION NO. RDB-18-1106

JUDGE MAHONEY, Circuit Court of Harford :
  County,
                                    :

    Defendant

## MEMORANDUM OPINION

Plaintiff Edward Conaway, a Maryland Division of Correction prisoner housed at Western Correctional Institution, seeks money damages[1] against the Harford County, Maryland Circuit Court judge who accepted his guilty plea for second-degree assault and sentenced Conaway to two years of incarceration.[2] Conaway now states he did not commit the assault by spitting on Harford County Deputy Bivens, and that Bivens' statements against him were lies. ECF No. 1, p. 1. He further states that camera footage exists to show what really happened. *Id.* In addition to the Complaint, Conaway submitted a Motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) (ECF 2), which will be granted.

Because Conaway is a prisoner proceeding in forma pauperis, this Court must initially examine his claim to determine whether it states a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for such review is the same as the standard for reviewing a motion to dismiss pursuant

---

[1] Conaway also seeks immediate release from incarceration. This request for relief lies in the nature of habeas corpus, and is inappropriate in the context of a civil rights action against the trial judge. Should Conaway seek to overturn his conviction and sentence, he may file a Petition for Writ of Habeas Corpus, using forms available from the Clerk of Court, after exhausting state appellate and post-conviction remedies.

[2] *See State of Maryland v. Edward Jerrell Conaway,* Criminal No. 12-K-17-000053 (Cir. Ct. Harford Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

to Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Conaway's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although this Court must allow liberal construction of a Complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this Court is further obliged by 28 U.S.C. §1915A to screen and dismiss any prisoner complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Plaintiff is seeking to sue a Maryland state judge for decisions made in her capacity as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be

hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226-27 (1988). As stated in *Forrester*, most judicial mistakes or wrongs may be corrected through "ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id.* Conaway did not seek leave to appeal his guilty plea, thus foregoing a mechanism of review; he may not, however, seek such a review by way of a civil lawsuit.

The Complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e). Conaway is hereby advised that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal constitutes Conaway's first strike.

A separate Order follows.

Date: April 20, 2018

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE